NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN PHELPS, | : | |
| Plaintiff, | : | Civil Action No. 07-5095 (JAP) |
| v. | : | |
| TIMOTHY LONG, et al., | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

On October 22, 2007, Plaintiff Brian Phelps ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 against Joseph L. Bocchini ("Bocchini"), Timothy Long ("Long"), Sergeant Breece ("Breece"), and five unknown police officers, alleging that they denied Plaintiff of his constitutional rights when they arrested and allegedly assaulted him on January 26, 2005, prevented him from seeking medical treatment, and instituted criminal charges against him. On November 27, 2007, this Court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and dismissed with prejudice Plaintiff's claim for malicious prosecution against Bocchini, a county prosecutor. The Court also ordered that Plaintiff's remaining claims proceed beyond the screening stage. Presently, before the Court is a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Long, Breece, and five unknown police officers (collectively, "Defendants"). Plaintiff opposes the motion. For the reasons set forth herein, the Court grants in part Defendants' motion as to Plaintiff's section 1983 excessive force claim and denies the motion as to the remaining claims.

**I.     BACKGROUND**

The factual basis of Plaintiff's Complaint arises from his arrest on January 26, 2005. (Cmplt. ¶ 1). Plaintiff alleges that, on that date, Defendants used excessive force against him in violation of his constitutional rights, causing physical and emotional injuries. (Cmplt. at 3-4). Specifically, Plaintiff claims that Long grabbed Plaintiff by the throat, threw him onto the pavement, and then twisted Plaintiff's hand. (Cmplt. ¶¶ 6, 9). Plaintiff further states in his Complaint that Long and Breece "violently and with unrestrained vigor, kick[ed P]laintiff in the face and head," (Cmplt. ¶ 13), and that Breece used his firearm to strike Plaintiff in his face, (Cmplt. ¶ 14). Moreover, Plaintiff alleges that, upon his arrest, Defendants denied him "all phone calls and medical treatment" for two days. (Cmplt.¶¶ 18-19). Finally, Plaintiff claims that Defendants conspired to maliciously prosecute criminal charges against Plaintiff. (Cmplt. ¶ 33, at 12-13).

On April 13, 2005, Plaintiff was charged with third-degree possession of a controlled dangerous substance ("CDS"), N.J.S.A. 2C:35-10a(1), third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5b(3), third-degree possession of cocaine with intent to distribute on or near school property, N.J.S.A. 2C:35-7, second-degree possession of a firearm during a CDS offense, N.J.S.A. 2C:39-4.1a, third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b, third-degree resisting arrest, N.J.S.A. 2C:29-2a, and second-degree certain persons not to possess a firearm, N.J.S.A. 2C:39-7b.[1] Having been incarcerated since his arrest,

---

[1] Plaintiff's Complaint sets forth a sketch of the counts charged against him. (Cmplt. ¶ 21). Nevertheless, the Court restates here a more detailed enumeration of the charges, which are a matter of public record as set forth in a *per curiam* opinion in *State of New Jersey v. Brian Phelps*, No. A-3755-05T2 (Nov. 14, 2006), entered by the New Jersey Superior Court, Appellate Division. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a

Plaintiff moved to suppress certain evidence proffered by the State, and, on March 2, 2006, a New Jersey Superior Court granted that motion to suppress.  After the Appellate Division affirmed the order suppressing the evidence on November 14, 2006, the county prosecutor, Bocchini, dismissed all of the counts except for the third-degree resisting arrest charge.  (Cmplt. ¶¶ 32-33).  Nevertheless, on February 20, 2007, the State dismissed that final charge.  (Cmplt. ¶ 34).

Approximately eight months thereafter, on October 22, 2007, Plaintiff filed the present action.  Ultimately, Plaintiff seeks damages from each Defendant "for [m]alicious [p]rosecution[, f]or [m]edical [b]ills[,] and for [p]ain and [s]uffering."  (Cmplt. at 12-13).  Defendants now seek a dismissal of the Complaint, arguing that the applicable statute of limitations precludes an allegation of excessive force.  Defendants also contend that Plaintiff's allegation of malicious prosecution fails to state a claim upon which relief may be granted because Plaintiff failed to set forth an accusation of malice.  In opposition, Plaintiff focuses only on his claim of malicious prosecution, rather than his claim of excessive force.  Plaintiff argues that the statute of limitations does not preclude his claim of malicious prosecution, which he submits accrued on February 20, 2007, when the State dismissed the last charge brought against him.  Plaintiff further submits that Defendants should be estopped from raising a statute of limitations defense because Defendants "deliberately delayed in disposing of the resisting arrest charge."  (Pl's Opp. Br. at 6).

## II.   DISCUSSION

motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record. . . . [J]udicial proceedings constitute public records and . . . courts may take judicial notice of another court's opinions." (internal citations omitted)).

### A.     Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the Supreme Court of the United States recently found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted). Moreover, the Court must apply "less stringent standards" to a *pro se* Complaint, such as the one presented here, "than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citation omitted).

Due to the broad standard under Federal Rule of Civil Procedure 12(b)(6), courts, generally, do not consider whether a claim is time-barred under a statute of limitations defense on a motion to dismiss. However, an exception arises "where the complaint facially shows

noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

  **B.**  **Analysis**

Section 1983 provides for a private cause of action to be brought by those individuals deprived of rights secured under the United States Constitution. "To establish a section 1983 civil rights claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution." *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994) (internal quotation marks omitted). Liberally construing the Complaint, Plaintiff essentially alleges three incidents violating his Constitutional rights secured under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments[2]: the use of excessive force, the deprivation of medical treatment for two days, and the malicious prosecution of unsupported charges. Defendants' motion, however, only addresses the claims of excessive force and malicious prosecution. For that reason, the Court will focus on those two claims in this Opinion.

  **1.**  **Excessive Force Claim**

---

[2] At this juncture, the Court abstains from determining the appropriateness of Plaintiff's allegations that Defendants abridged his rights secured by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in using excessive force, depriving Plaintiff medical treatment, and maliciously prosecuting charges. *See, e.g.*, *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) ("[A] section 1983 malicious prosecution claim may also include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution."); *Cooper v. Gloucester County Corr. Officers*, 2008 WL 305593, *2 n.1 (D.N.J. Jan. 28 2008) (comparing analytical standards applied for excessive force claims brought under Eighth Amendment with those claims brought under Fourteenth Amendment).

Defendants challenge Plaintiff's section 1983 excessive force claim on the basis that it is precluded by the applicable statute of limitations. Plaintiff, in his opposition, does not address this particular argument. Nevertheless, it is well-settled that actions seeking a remedy under 42 U.S.C. § 1983 are governed by the statute of limitations applicable to state personal injury claims, depending on where the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, N.J.S.A. 2A:14-2 imposes a two-year limitations period for personal injury claims; therefore, claims brought under 42 U.S.C. § 1983 that accrued within New Jersey are subject to a two-year statute of limitations. *O'Connor v. Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).

Although the applicable statute of limitations is governed by state law, federal law governs when the cause of action accrued. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). Under federal law, "the standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action." *Ibid.* (internal quotation and editing marks omitted). As a result, Plaintiff may sustain his Complaint only if it was filed within two years of the date the causes of action accrued.

In very limited instances, both New Jersey and federal law provides for the application of equitable tolling to permit a plaintiff to maintain an otherwise untimely cause of action. *See Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div.), *certif. denied*, 172 N.J. 178 (2002); *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Essentially, equitable tolling "stops the statute of limitations from running when the date on which the claim accrued has already passed." *Lake*, *supra*, 232 F.3d at 370. Under New Jersey law, a court may apply equitable tolling if (1) the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing

deadline to pass[;]" (2) the plaintiff "has in some extraordinary way been prevented from asserting his rights[;]" or (3) the plaintiff "has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Freeman*, *supra*, 347 N.J. Super. at 31 (internal quotation marks and citations omitted). However, the New Jersey courts have warned that, "absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Ibid.* Federal equitable tolling applies only when the state tolling rules contradict federal law or policy, and only in limited circumstances that mirror the three instances available for state equitable tolling. *Lake*, *supra*, 232 F.3d at 370 & n.9.

    Considering those principles, the Court holds that Plaintiff's section 1983 claim of excessive force is time-barred. As a threshold matter, the Court finds that Plaintiff's excessive force claim accrued for purposes of applying the statute of limitations on the date of his arrest and assault, on January 26, 2005. It is undisputed that, on that date, "[P]laintiff kn[e]w[] or ha[d] reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Indeed, "[t]here is no question that [P]laintiff would have had actual knowledge of the injury that constitutes the basis of his excessive force claim" on January 26, 2005. *Cooper*, *supra*, 2008 WL 305593 at *4. Because that claim accrued on January 26, 2005, Plaintiff should have asserted his section 1983 cause of action by January 26, 2007. However, Plaintiff failed to do this, and, rather, filed his Complaint on October 22,

2007, well beyond the limitations period.³ Accordingly, the applicable statute of limitations precludes Plaintiff from asserting his section 1983 claim based on excessive force. Moreover, the Court finds no basis to apply equitable tolling in this instance.

## 2. Malicious Prosecution Claim

Although Defendants do not challenge Plaintiff's claim of malicious prosecution under the statute of limitations, Plaintiff opposes Defendants' motion on the basis that he timely asserted that cause of action. Based on Plaintiff's argument, the Court considers, as an initial matter, the timeliness of Plaintiff's section 1983 malicious prosecution claim. Applying the principles set forth above and the two-year statute of limitations, the Court finds that Plaintiff's cause of action for malicious prosecution accrued on February 20, 2007, the date on which the State dismissed the last charge brought against Plaintiff. A cause of action for malicious prosecution accrues for purposes of applying the statute of limitations when a plaintiff obtains a favorable termination. *Jones v. Newark, Dep't of Corr.*, 2007 WL 4365327, *3 (D.N.J. Dec. 11, 2007); *see also Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989) (reasoning that, "[b]ecause

---

³ The Court notes that this is the date on which the Clerk of the Court received Plaintiff's Complaint and, at that time, Plaintiff was incarcerated on an unrelated offense. The fact of Plaintiff's incarceration may affect the Court's determination of the date on which Plaintiff filed his Complaint. While some jurisdictions determine the "filing date" of a section 1983 Complaint to be the date on which an incarcerated plaintiff delivers the Complaint to prison officials for mailing, the Third Circuit has not expressly addressed this issue. *See Jackson v. Nicoletti*, 875 F. Supp. 1107, 1109-14 (E.D. Pa. 1994) (discussing case law supporting application of "mailbox rule" to *pro se* incarcerated litigants in section 1983 cases and enumerating "six reasons counsel[ing] against creating a mailbox rule for *pro se* prisoner complaints"). Although Plaintiff did not date the Complaint, he signed attached forms filed with the Complaint on September 24, 2007. Considering that date to be the earliest date on which Plaintiff might have delivered the Complaint to prison officials, the Court need not attempt to decipher the exact date that Plaintiff handed the Complaint to prison officials because, in any event, Plaintiff clearly filed the Complaint outside the limitations period. Accordingly, the Court now uses the date on which the Clerk of the Court received Plaintiff's Complaint for purposes of determining the filing date.

favorable termination is a necessary element of the relevant section 1983 claim in this circuit, a holding that such termination need not have occurred for a plaintiff to be cognizable of his constitutional injury cannot be justified"). Therefore, the Court holds that Plaintiff timely filed his section 1983 claim for malicious prosecution when he instituted this action on October 22, 2007, approximately eight months after the cause of action accrued.

Rather than seeking a dismissal of Plaintiff's malicious prosecution claim on the basis of the statute of limitations, Defendants, nevertheless, submit that Plaintiff has not stated a claim for malicious prosecution by failing to allege that Defendants acted with malice—a *prima facie* element of a malicious prosecution claim. Defendants submit that Plaintiff

> has not even alleged that Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice, as required by law. Plaintiff has failed to present a satisfactory claim for malicious prosecution, and[,] therefore, his malicious prosecution claim should be dismissed in its entirety for a failure to state a claim.

(Defs' Reply Br. at 4).

Indeed, to establish a *prima facie* case of malicious prosecution under section 1983,

> a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). *Accord Hilton v. Kronenfeld*, 2008 WL 305276, *9 (D.N.J. Jan. 29, 2008) (same). On a motion to dismiss stage, however, the Court must consider whether Plaintiff's "[f]actual allegations [are] enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the [C]omplaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal

citations and footnote omitted).

Presently, the Court finds that Plaintiff's pleadings sufficiently allege the elements of a malicious prosecution claim. In his Complaint, Plaintiff alleges:

> Defendant Timothy Long . . . aided in [P]laintiff's mental and physical injuries by a[s]si[s]ting in the fraudulent imposition of criminal charges on the [P]laintiff, perjured himself at the State's Grand Jury hearing in an effort to have an indictment returned against the [P]laintiff and causing [P]laintiff to be imprisoned approximately 15 months, pretrial detention . . . . [D]efendant Bre[ec]e . . . aided in the [P]laintiff's physical and mental injuries by assisting the lodging of false criminal charges on the [P]laintiff and perjured himself in his official version of the incident which[]has given rise to this Civil Action[.] . . . Defendant Bre[ec]e[']s actions were a direct and proximate cause of the [P]laintiff being imprisoned unlawfully and maliciously for approximately months.

(Cmplt. at 3-4). Plaintiff also claims that, "[a]t the suppression hearing[,] it was ascertained . . . that the variances between the [D]efendant's police reports grand jury testimonies and the Police dispatchers report gave rise to [D]efendant's falsifications and perjuries, fostered by the [D]efendants so as to provide probable cause for [D]efendants['] violations of [P]laintiff's Constitutional Rights." (Cmplt. ¶ 31). Although this latter allegation appears directed at Bocchini—whom the Court dismissed from the action based on prosecutorial immunity—Plaintiff further alleges that Bocchini and Defendants conspired "to provide . . . Defendants . . . with a [strategically-]engineered insulation against a Civil Action Claim[]" by "deliberately with[o]ld[ing] the dismissal of the resisting arrest charge[.]" (Cmplt. ¶ 33). Moreover, in seeking relief from the Court, Plaintiff specifically claims damages caused by each defendant resulting from the alleged malicious prosecution.

Construing the facts in the light most favorable to Plaintiff and considering Plaintiff's status as a *pro se* litigant, the Court cannot say that Plaintiff has not set forth a "satisfactory claim

for malicious prosecution," (Defs' Reply Br. at 4), such that the claim should be dismissed for failure to state a claim.  Indeed, Plaintiff has alleged that Defendants maliciously initiated, without probable cause, a criminal proceeding that ended favorably to Plaintiff and that Plaintiff suffered a deprivation of liberty by his incarceration resulting from that proceeding.  Moreover, Plaintiff's factual allegations provide more than mere labels and conclusions to support this claim against Defendants.  Therefore, at this limited stage of review of Defendants' motion to dismiss, the Court holds that Plaintiff has sufficiently alleged a section 1983 malicious prosecution claim upon which relief may be granted.

### III.   CONCLUSION

For the reasons expressed above, the Court grants Defendants' motion to dismiss for failure to state a claim only as to Plaintiff's section 1983 excessive force claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court denies Defendants' motion in respect of Plaintiff's section 1983 malicious prosecution claim.[4]  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: February 15, 2008

---

[4] The Court also notes that this Opinion does not address Plaintiff's section 1983 deliberate indifference claim for delayed medical treatment, as it was not part of Defendants' motion to dismiss.  Nevertheless, the Court recognizes that this claim may also be time-barred under the applicable statute of limitations, but refrains from addressing the merits of this issue as it was not argued.